**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>CISCO SYSTEMS, INC.<br><br>    Defendant. | Case No. 2:20-cv-00211-JRG |

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Rather than presenting a substantive response to Cisco's motion, Oyster relies on a series of procedural objections that have each been squarely rejected by the case law.  On the merits, Oyster did not identify any product feature that is materially different from the prior products as it relates to a claim limitation; Oyster did not proffer any claim term that would require construction that would meaningfully impact the analysis; and Oyster did not point to any material difference in claim scope.  The most Oyster could muster is that "it is at least plausible that the claim scope is not the same"—an observation that is always true any time a Court undertakes this analysis, and yet Courts have nonetheless granted the relief Cisco seeks.  The purpose of *res judicata* is to avoid the burden of re-litigation, and that purpose would be ill-served by waiting for developments that Oyster cannot even articulate.  Cisco addresses each of Oyster's procedural objections below.

I.     **Dismissal at the Pleading Stage Is Appropriate on this Record**

It is settled that *res judicata* warrants dismissal under Rule 12(b)(6).  *Kan. Reinsurance Co. v. Mortg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994).  In deciding such a motion, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir. 2003).  The need to evaluate alleged differences in claim language does not preclude dismissal on the pleadings; Courts routinely grant Rule 12(b)(6) motions dismissing precluded causes of action despite the same types of objections raised by Oyster.  *Senju Pharm. Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344 (Fed. Cir. 2014) (affirming dismissal under 12(b)(6) motion, holding claim preclusion a question of law, and rejecting patent owner's arguments that cause of actions were different because claim limitations different).[1]  Likewise, in *SimpleAir. Inc.*

---

[1] *See also Maz Encryp. Techs. v. Blackberry*, 347 F. Supp. 3d 283, 286-87 (N.D. Tex. 2018) (granting 12(b)(6) motion, taking judicial notice of documents, considering side-by-side comparison of claims, and rejecting arguments that scope of claims in newly issued continuation patent differ from prior patent); *Adaptix, Inc. v. Amazon.com, Inc.,* 5:14-01379, 2015 U.S. Dist.

*v. Google*, 884 F.3d 1160 (Fed. Cir. 2018), the Federal Circuit made clear it would have affirmed had the district court been given a claim comparison of the type Cisco submitted with this motion.[2]

Oyster argues that Cisco's motion improperly cites documents outside the pleadings, and Oyster requests conversion under Federal Rule 12(d). Oyster is wrong for three reasons.

<u>First</u>, consistent with the precepts of judicial notice, Cisco's motion neither asks nor requires the Court to *accept the truth* of the material cited outside of the pleadings. Cisco cites these documents not for the truth of the allegations, but only to document the scope of allegations made as compared to the FAC. Cisco is certainly not asking the Court, for example, to accept Oyster's infringement allegations or expert testimony of infringement as "truth", but is instead citing the very litigation documents, signed, served or filed pursuant to Local and Federal Rules that reflect the expansive scope of Oyster's prior cause of action, and its attempted re-litigation thereof. This is precisely the type of material the Court can consider under Rule 12(b)(6). Of course, the pleadings and documents cited therein are fair game. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000); *see also Ruiz v. Brennan*, 851 F.3d 464 (5th Cir. 2017). Furthermore, the Court may consider any fact of which the Court has taken judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).[3]

---

LEXIS 111933, *10 (N.D. Cal. 8/21/15) (granting motions to dismiss and rejecting speculative arguments that products were different); *Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-03677, 2013 U.S. Dist. LEXIS 189290, at *9 (N.D. Cal. 10/22/13) (dismissing patent under 12(b)(6), rejecting arguments that products were different, taking notice of infringement contentions and plaintiff's representations in motion practice in prior case).

[2] *SimpleAir* holds that terminal disclaimers (like Exs. B ('516 over '327 Patent) and H ('898 over '327 Patent)) provide a "strong clue" that preclusion is warranted, but are not dispositive of the "essentially the same" analysis. 884 F.3d at 1168. The FAC does not compare the scope of the claims or allege any meaningful differentiation, but it *does* provide element-by-element allegations that, when compared with the *Oyster I* complaint and allegations, show that the claim scope is essentially the same. Ex. D, 5–10.

[3] *See also Maz Encryption Techs., LLC,* 347 F. Supp. 3d at 293 (rejecting plaintiff's call to convert motion under Rule 12(d) and basing its dismissal on the "complaint, any documents incorporated into the complaint by reference, and matter[s] of which the court may take judicial notice.");

Second, Cisco's authentication declaration does not require conversion to a summary judgment motion under Rule 12(d).  The *authentication* declaration (Dkt. 37-2) does not assert substantive facts.  Instead, it sets forth the providence of documents and the predicate circumstances confirming the propriety of taking judicial notice in the Rule 12(b)(6) context.  *See Meyers v. Textron, Inc.,* 540 F. App'x 408, 409 (5th Cir. 2013).  Again, these are exactly the types of materials that the Court may consider without conversion to summary judgment.

Third, Oyster asks the Court to await "full fact and expert discovery."  However, Oyster fails to follow the required procedure under Rule 56(d), which requires a declaration identifying the facts sought by discovery.  *Smith v. Regional Transit Authority*, 827 F.3d 412 (5th Cir. 2016).  Oyster fails to identify what discovery it contends would create a genuine issue of material fact.

## II. Oyster's Dropping of the '898 Patent Did Not Insulate it from Claim Preclusion.

Oyster's strategic decision to drop the '898 Patent does not allow it to re-litigate that patent.  When Oyster dropped the patent, it did not object to the Order requiring it to narrow its case, made no showing that the '898 Patent presented non-duplicative claim scope, and did not express any intent to withdraw the patent "without prejudice."  *Nuance Communs., Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1374 (Fed. Cir. 2016) ("the responsibility was on [plaintiff] to timely notify the district court as to any objection to the court's procedures. Because it did not do so, and instead made the tactical litigation decision to move forward only on a subset of patents without contemporaneous objection, [plaintiff] is not entitled to another trial on the remaining patents."); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1309-10 (Fed. Cir. 2011) (judgment against non-elected claims was proper despite preclusive effect where district court ordered plaintiff to limit patents and claims).  Oyster dropped the patent *at the end* of fact

---

*Adaptix, Inc.,* 2015 U.S. Dist. LEXIS 111933, at *19-20, 29 (granting motion to dismiss, taking judicial notice of court records, including infringement contentions).

3

discovery, *after* Markman, and *months after the deadline* to amend pleadings. *Oyster I,* Dkt. 174 ¶ 3, Dkt. 111 3.  This was not akin to an early amending of the Complaint.  Thus, the judgments at the end of *Oyster I/II* properly included the '898 Patent.

Moreover, while Oyster's decision to assert and then drop the '898 Patent in *Oyster I/II* makes transparent its attempted claim splitting (and the resulting *res judicata*), the prohibition on claim splitting would have the same result in this case (i.e., precluding the '898 Patent) even if Oyster had not asserted the '898 Patent in *Oyster I/II*.  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619-20 (Fed. Cir. 1995) ("It is well established that a party may not split a cause of action into separate grounds in successive lawsuits.").  This is because the claims of the '898 Patent are highly duplicative of the '327 Patent (which Oyster pursued until losing summary judgment).  Ex. I (claim comparison); Ex. H (terminal disclaimer).  Before dropping the patent, Plaintiff was asserting essentially the same claim scope (*id.*), against identical products (*Oyster I,* Dkt. ¶¶ 69, 101), *i.e.*, one cause of action.  As such, even if Oyster had formally dismissed the '898 Patent "without prejudice" (it did not) and had referred only to the '327 Patent when it ultimately dismissed "with prejudice" the *Oyster I/II* cases (it did not), the result would be the same: preclusion.  *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) ("While the dismissal without prejudice allowed for the possibility that acts of infringement of the method claims could be subject to a future cause of action, that possibility was cut-off … once that judgment was entered.").

### III.  Oyster Brought a Cause of Action Against the CFP2 Modules for the Prior Patents.

Oyster cites FAC ¶¶ 17-18 and its failed motion to compel related to CFP2-ACO's in *Oyster I/II*.  That motion confirms that Oyster accused the CFP2 modules in its prior complaint (making them part of that cause of action) and that the modules are governed by the "OIF 100G Standard" (*see Adaptix*, 2015 U.S. Dist. LEXIS at 29).  *Oyster I,* Dkt. 205, 5 (Oyster: "Both

4

Oyster's complaint and its infringement contentions have always identified Cisco's CFP2 Modules as among the accused products. The contentions expressly point to products following the 'OIF 100G standard' as examples of accused products."); *Oyster I*, Dkt. 326, 2 ("The Parties do not dispute that Oyster clearly identified the products in its complaint."). The Court found that Oyster's contentions could have, but did not, accuse the modules. *Oyster I,* Dkt. 326, 4. Oyster's failure does not avoid preclusion. *Icon-IP PTY Ltd.*, 2013 U.S. Dist. LEXIS 189290, at *11-12 ("[Plaintiff] had an opportunity to investigate and accuse the models at issue in [the prior action], but it chose not to do so in a timely manner. Permitting [Plaintiff] to get a second bite at the apple by allowing this action to proceed would contravene the preclusion principles discussed above and would undermine the spirit and purpose of the Patent Local Rules.")

### IV.   The Kessler Doctrine and the Dates of Sale

Oyster tries to manufacture a fact dispute about the dates that certain products first went on sale, but the question of pre-judgment sales versus post-judgment sales is rendered irrelevant by the *Kessler* doctrine. Remarkably, Oyster's legal analysis of the *Kessler* doctrine is outdated and thus simply wrong. This summer, the Federal Circuit "reject[ed] [the] contention that the issue of non-infringement must be 'actually litigated' in order to invoke the *Kessler* doctrine." *In re PersonalWeb*, 961 F.3d 1365, 1376–79 (Fed. Cir. June 17, 2020) (finding stipulated dismissal with prejudice operated as an adjudication on the merits for *Kessler* purposes).

### V.   Granting Oyster Leave to Amend Would Be Futile

Oyster requests leave to amend the FAC, but Oyster *already* amended its Complaint after Cisco's prior motion to dismiss. (Dkt. 30). Replaying this would be futile. *Humana Health Plan of Tex.*, 336 F.3d at 387 (leave denied when deficiency was not cured by prior amendment).

Dated: October 30, 2020                                                Respectfully submitted,

5

*/s/Eric H. Findlay*
Eric H. Findlay
Brian Craft
**FINDLAY CRAFT PC**
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

L. Norwood Jameson
wjameson@duanemorris.com
Matthew C. Gaudet
mcgaudet@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street
Suite 2000
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

John M. Baird
jmbaird@duanemorris.com
**DUANE MORRIS LLP**
505 9th Street NW, Ste. 1000
Washington, DC 20004
Telephone: 202.776.7819
Facsimile: 202.379.9850

***Attorneys for Defendant Cisco Systems, Inc***

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 30, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/*s/Eric H. Findlay*
Eric H. Findlay