# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC, | § |
| *Plaintiff*, | § § § |
| v. | §  CIVIL ACTION NO. 2:20-CV-00211-JRG § |
| CISCO SYSTEMS, INC., | § § |
| *Defendant*. | § § |

# ORDER

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, October 19, 2021, regarding pending pretrial motions filed by Plaintiff Oyster Optics, LLC ("Oyster") and Defendant Cisco Systems, Inc. ("Cisco") (together with Oyster, the "Parties") (Dkt. No. 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 101, 104). This Order memorializes the Court's rulings on the aforementioned pretrial motions as announced from the bench into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Plaintiff Oyster Optics, LLC's Motion for Summary Judgment of No Invalidity of U.S. Patent Nos. 8,913,898 and 10,205,516 Based on the Court's Claim Construction of Receiver (Dkt. No. 86)**

    This motion was **DENIED**. (*Id*. at 56:6-18.)

    The Court was persuaded that Dr. Papen's invalidity report, which purports to address the receiver limitation of the claims as interpreted by Oyster in its infringement theories, creates at least a material question of fact for the jury. The Court also noted that, "if Oyster thinks that Papen

doesn't follow their theory on infringement, they can certainly make that argument to the jury."

(*Id*. at 56:11-18.)

2. **Plaintiff Oyster Optics, LLC's Motion for Summary Judgment of No Invalidity of U.S. Patent No. 6,665,500 Pursuant to Section 315 Estoppel, or, in the Alternative, Judicial Estoppel (Dkt. No. 87)**

    This motion was **DENIED**.  (*Id*. at 93:13-94:1.)

    The Court was persuaded that Cisco was not subject to either judicial or statutory estoppel as a result of the *Inter Partes* Review process before the United States Patent and Trademark Office or any statements it made during the same.

3. **Cisco Systems, Inc.'s Motion to Strike Certain Attorney Argument Expert Opinions (Dkt. No. 88)**

    This motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.  (*Id*. at 209:1-25.)

    The Court was persuaded that the motion should be **GRANTED** as to any mention of or reliance on the line in paragraph 140 of Mr. Dell's report reading, "that discovery from Fujitsu, as well as other defendants in related cases, was misleading and did not identify Fujitsu as a component supplier to other optical network manufactures such as Cisco, and."  (*Id*. at 209:2-12.) The phrase quoted above is **excluded**.  The remainder of paragraph 140 survives.

    The Court was persuaded that the remainder of the motion, a portion of which counsel for Cisco represented had been withdrawn, should be **DENIED**.

4. **Cisco Systems, Inc.'s Motion to Strike Opinions of Expert Stephen Dell, and Related Technical Opinions of Dr. Keith Goossen, Because of Failure to Conduct a Proper Apportionment Analysis (Dkt. No. 89)**

    This motion was **DENIED**.  (*Id*. at  198:25-199:5.)

    The Court was persuaded that none of the issues raised by the Defendant warrant striking any opinions of Mr. Dell or Dr. Goossen and can be adequately dealt with by vigorous cross examination.

5. **Cisco Systems, Inc.'s Motion for Summary Judgment of No Willful Infringement (Dkt. No. 90)**

    This motion was **DENIED**. (*Id*. at 156:9-157:4.)

    The Court was persuaded that through "the complaint, [] the interrogatory answers, [and] the discovery process," Oyster had "asserted factual matters of conduct that the Court is persuaded could reasonably give rise to the mental state necessary to support an allegation of willful infringement." (*Id*. at 156:15-20.)

6. **Plaintiff Oyster Optics, LLC's Motion to Exclude Certain Opinions and Expert Testimony of Dr. George Papen Pursuant to Federal Rule of Evidence 702 and Daubert (Dkt. No. 91)**

    This motion was **DENIED**. (*Id*. at 139:11-140:14.)

    The Court was persuaded that none of the issues raised in this motion warrant striking or exclusion of Dr. Papen's opinions and can be adequately addressed via cross examination.

7. **Oyster's Motion for Summary Adjudication on Cisco's Sixth Affirmative Defense Regarding Res Judicata, the Kessler Doctrine, Collateral Estoppel and Claim Splitting (Dkt. No. 92)**

    This motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 111:11-112:17.)

    The Court was persuaded that there remains a live dispute and a question of material fact as to "whether the scope of the claims between the '898 and the '516 Patents as opposed to the '327 Patent are essentially the same" and therefore **DENIED** the motion with respect to that issue. (*Id*. at 111:14-16.) However, the Court was also persuaded that "the unequivocal statements by Cisco that the [] ACO products . . . were fundamentally different" warrants the application judicial estoppel, in particular because it "is not one single statement, it's made multiple times, it's unequivocal," and the Court therefore concludes that Cisco should not be allowed to "make that statement at that time in that context to that degree and then say it's an open question about whether

they're substantially similar or not, despite any subsequent testimony or opinions that may have been generated." (Id. at 111:20-112:9.)  For those reasons, and as described on the record during the Pretrial Conference, the Court **GRANTED** the motion as to the ACO products. (*Id*. at 112:10-12.)

8. **Plaintiff Oyster Optics, LLC's Partial Motion For Summary Judgment On Marking As To The '898 Patent (Dkt. No. 93)**

    This motion was **GRANTED**. (*Id*. at 118:3-9.)

    The Court was persuaded that there is no dispute that Cisco had actual notice as to the products in this case, in light of Counsel's agreement on the record that the products accused in the above-captioned case are essentially the same as the products at issues in Case No. 2:18-cv-00479. (*Id*. at 116:25-117:4.)  Cisco therefore cannot maintain a marking defense as to the '898 patent.

9. **Cisco Systems, Inc.'s Partial Motion for Summary Judgment as to Non-Infringement of U.S. 6,665,500 – Simultaneous Amplitude and Phase Modulation in the Second Mode (Dkt. No. 94)**

    This motion was **DENIED**. (*Id*. at 80:4-81:6.)

    The Court was persuaded that there remains a material factual question at least as to "whether or not the amplitude modulation and the phase modulation happen at the same time or don't happen at the same time." (*Id*. at 80:7-10.)  The Court further noted that the ruling on this motion is qualified by "two caveats."  (*Id*. at 80:11-12.)  First, the Court stated that "trial of this case before this jury on this issue . . . is not going to directly contradict the claim constructions of the Court" and second, that expert testimony before is "going to be limited to what's in the experts' reports." (*Id*. 80:12-16.)

10. **Cisco Systems, Inc.'s Partial Motion For Summary Judgment On Its Res Judicata Defense (Dkt. No. 95)**

This motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 18:3-9.)

The Court was persuaded that this motion should be **DENIED** as to the ACO products, as Cisco is judicially estopped from bringing a *res judicata* defense as to those products. However, the Court was also persuaded that the motion should be **GRANTED** as to the other products in the case (e.g., the "DCO" products and the "Boss Hogg" products ), considering Counsel's agreement on the record that the only dispute was whether the standard of "essentially the same" for marking purposes and a *res judicata* analysis are coextensive. (*Id*. at 115:13-116:14.) The Court finds that the standards are the same. *See CFL Techs. LLC v. Gen. Elec. Co.*, No. CV 18-1444-RGA, 2021 WL 1105335, at *5 (D. Del. Mar. 23, 2021).

11. **Cisco Systems, Inc.'s Motion to Exclude Certain of the Opinions and Testimony of Plaintiff's Expert, Dr. Goossen, Under Fed. R. Civ. P. 702 and Daubert (Dkt. No. 96)**

This motion was **GRANTED-IN-PART**. (Dkt. No. 228 at 128:6-17.) In the motion, Cisco requested that the Court strike paragraphs 485-514 of Dr. Goossen's report because he applied a legally incorrect understanding of what is required for claims to be "patentably distinct." According to Cisco, Dr. Goossen purported to opine on patentable distinctions between various claims to show that the claims of the patent-in-suit are not "essentially the same" as the claims at issue in Case No. 2:18-cv-00479 for purposes of *res judicata* and to criticize Cisco's expert Dr. Papen's analysis of the same issue. However, Cisco argues that Dr. Goossen analyzed only whether the claims of the patent-in-suit are identical in scope to the claims in Case No. 2:18-cv-00479, which is an insufficient and legally incorrect standard for determining patentable distinctions.

At the hearing, the Court was persuaded that Dr. Goossen did apply an incorrect legal understanding of what constitutes "patentably distinct" claims. Determining that two claims are not identical in scope, alone, is insufficient to conclude that they are patentably distinct. *See, e.g., In re Hubbell*, 709 F.3d 1140, 1145 (Fed. Cir. 2013) ("A later patent claim is not patentably distinct from an earlier claim if the later claim is obvious over, or anticipated by, the earlier claim.") (internal quotation marks and citation omitted).[1] Oyster did not contest that Dr. Goossen looked only at whether the claims were identical in scope. (*See id*. at 125:16-18, 126:12-15.) Rather Oyster argued at the hearing that the Federal Circuit has not held that patentable distinction is the only test for whether claims are essentially the same. (*Id*. at 125:4-13.) However, that point does not control the resolution of this motion. Dr. Goossen chose to use patentable distinctions as the basis for his opinions on *res judicata* and his criticisms of Cisco's expert Dr. Papen. (Dkt. No. 96-1, Par. 485.) He then used an incorrect legal standard, which ultimately renders his opinions unsupported, potentially confusing to the jury, and highly prejudicial to Cisco. For those reasons, Dr. Goosen's opinions regarding patentable distinctions between claims, and his criticisms of Dr. Papen's analysis on the same issue, are struck and excluded. For further clarity, Dr. Goossen is also precluded from giving any testimony at trial regarding whether any two claims are patentably distinct because he did not provide any admissible opinions on that topic.

Having reviewed Dr. Goossen's report, the Court finds that the following paragraphs should be and hereby are **struck and excluded**: 485, 487, 489, 492, 494, 497, 500-506, and 508-514.

---

[1] Oyster further argued at the pretrial conference that, while identity between claims may not be sufficient, it is relevant to determining patentable distinction. (*Id*. at 126:12-19.) While true, such observations alone do not adequately support any of Dr. Goossen's conclusions regarding whether claims are patentably distinct. Therefore, the Court has only struck paragraphs in which Dr. Goossen concludes that certain differences in claims make them patentably distinct and has left intact paragraphs where he merely identifies differences in claims without providing any such conclusions.

6

12. **Cisco Systems, Inc.'s Partial Motion for Summary Judgment as to Non-Infringement of U.S. 8,913,898 and U.S. 10,205,516 Because the Accused Products Have Receivers With Demodulators (Dkt. No. 98)**

This motion was **DENIED**. (Dkt. No. 228 at 44:18-45:9.)

The Court was persuaded, based on both parties' representations at the Pretrial Conference that there are no remaining disputed claim construction issues, that there is a material factual dispute for the jury to decide based on "competing experts giving their own version of the plain and ordinary meaning of demodulator and the demodulation process" as understood by a person of ordinary skill in the art. (Id. at 44:19-24.)

13. **Plaintiff Oyster Optics LLC's Motion to Exclude Opinions of Dr. Thomas G. Brown (Dkt. No. 101)**

This motion was **DENIED**. (*Id*. at 176:25-177:10.)

The Court was persuaded that none of the issues raised by the Plaintiff warrant striking or exclusion. However, the Court also reiterated to the parties that the evidence at issue "is targeted for its limited but relevant purposes" and no witness for either party will be "allowed to wander all over the board into areas that are not appropriate and create confusion." (*Id*. at 177:3-8.)

14. **Plaintiff Oyster Optics, LLC's Motion to Exclude Opinions of Dr. Stephen L. Becker (Dkt. No. 104)**

This motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 177:13-24, 186:19-187:7, 187:24-188:7.)

The Court was persuaded that the motion should be **DENIED** as to the Dr. Becker's reliance on Dr. Brown. Counsel for Oyster agreed those issues rose or fell with Dkt. No. 101. (177:13-24.) The Court was also persuaded that the motion should be **DENIED** as to Dr. Becker's reliance on the "SHF Declaration," as described on the record. However, the Court was persuaded that the motion should be **GRANTED** as to Dr. Becker's mention of or refence to the phrase

7

"nuisance suits" in the notes and deposition of Petra Loer, as these statements were unduly prejudicial and of limited probative value, and except as to such statements, the remainder of the motion is **DENIED**.

**So ORDERED and SIGNED this 13th day of December, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE